UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

      Plaintiff,

v.                                     Case No. 8:16-cv-02320-JSM-AAS

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC., AND HORIZON
HEALTHCARE SERVICES, INC.
D/B/A BLUE CROSS BLUE SHIELD OF NEW
JERSEY, HORIZON BLUE CROSS BLUE
SHIELD OF NEW JERSEY AND HORIZON
BCBSNJ

      Defendants.

_____/

## MOTION FOR REMAND
## AND INCORPORATED MEMORANDUM OF LEGAL AUTHORITY

Plaintiff, Lee Memorial Health System ("Lee Memorial"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1331 and 1447, moves this Court for an order remanding this action in its entirety to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida where the action was originally filed as Case No. 2016-CA-001878 ("State Court Case"). As grounds for this motion, Lee Memorial shows the following:

### BASIS FOR REQUESTED RELIEF

Lee Memorial is a special unit of local government operating a health care system in Lee County, Florida. Defendant, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), is a Florida corporation with its principal place of business in Duval County, Florida. Defendant, Healthcare Services, Inc. d/b/a Blue Cross Blue Shield of New Jersey, Horizon Blue Cross Blue Shield of

New Jersey and Horizon BCBSNJ ("BCBSNJ") is a New Jersey corporation with its principal place of business in Newark, New Jersey.

On October 1, 1985, Lee Memorial entered into a Preferred Patient Care Hospital Agreement ("Agreement") with BCBSF whereby, in consideration of payment by BCBSF in accordance with the terms of the Agreement, Lee Memorial would provide hospital services to policyholders of BCBSF. *See* Affidavit of Anne Rose ("Rose Aff."), filed contemporaneously with this motion, at ¶5. Approximately 39 amendments to the Agreement have been executed. *Id.* at ¶6. Pursuant to the Tenth Amendment to Agreement dated November 22, 1994, Lee Memorial agreed, in pertinent part, as follows:

> [HOSPITAL, i.e. Lee Memorial,] acknowledges and agrees that it has not entered into this Agreement based upon representations by any person other than BLUE CROSS AND BLUE SHIELD[, i.e. BCBSF,] and that no person, entity, or organization other than BLUE CROSS AND BLUE SHIELD shall be held accountable or liable to HOSPITAL for any of BLUE CROSS AND BLUE SHIELD'S obligations to HOSPITAL created under this Agreement.

*Id.* at ¶7.

Under the Twentieth Amendment to Agreement dated December 9, 2008, BCBSF is entitled to pay Lee Memorial in accordance with the negotiated rates called for by the Agreement in the event that Lee Memorial provides covered services to a policyholder of a "sister Blue Cross and/or Blue Shield Plan" (which is described in the amendment as a "Plan [organized as] an independent corporation operating under a license or sub-license with the Blue Cross and Blue Shield Association").[1] *Id.* at ¶8. Information concerning the nature, manner, and extent of

---

[1] In this regard, the Twentieth Amendment to Agreement entered into on December 9, 2008 states:

> It is further agreed that BLUE CROSS AND BLUE SHIELD [BCBSF] is entitled to treat individuals covered through sister Blue Cross and/or Blue Shield Plans (i.e. each Plan an independent corporation operating under a license or sub-license with the Blue Cross and Blue Shield Association) as Policyholders under this Agreement. Such individuals being treated as being covered under a PREFFERRED PATIENT CARE Benefit Agreement or other benefit agreement which provides access to participating providers in either the PREFFERRED

the reimbursement, if any, that is paid to BCBSF by any sister Blue Cross and/or Blue Shield Plan on account of hospital services that were provided by Lee Memorial to a policyholder of a sister Blue Cross and/or Blue Shield Plan is not shared by BCBSF with Lee Memorial. *Id.* at ¶9.

Heather Picardi, a policyholder of a sister Blue Cross and/or Blue Shield Plan, was admitted to Lee Memorial for treatment in conjunction with complications arising from her pregnancy. *See* Affidavit of Patricia O'Brien ("O'Brien Aff."), filed contemporaneously with this motion, at ¶5. On May 26, 2011 Heather Picardi, gave birth prematurely to a son. *Id.* at ¶6. Lee Memorial thereafter provided hospital services to the newborn who required extensive specialized medical treatment in order to survive birth. *Id.* at ¶7. In conjunction with the hospital services provided to both Heather Picardi and her newborn son, Lee Memorial obtained authorization from BCBSF in accordance with the terms of the Agreement. *Id.* at ¶8. Lee Memorial did <u>not</u>, however, obtain a written assignment of benefits as to the treatment provided to the newborn. *Id.* at ¶9.

Payment to Lee Memorial for the hospital services that were provided to the newborn was ultimately denied based upon an alleged failure to timely coordinate benefits between two sister Blue Cross and/or Blue Shield Plans for which the newborn was a covered dependent. *Id.* at ¶11. Specifically, BCBSF contended that the newborn was a covered dependent of a sister Blue Cross and/or Blue Shield Plan for which the mother was a member and (unbeknownst to Lee Memorial at the time of admission) was also a covered dependent of a separate and distinct sister Blue Cross and/or Blue Shield Plan for which the father was a member. *Id.* at ¶12. According to BCBSF, Lee Memorial's claim form should have identified the sister Blue Cross

---

PATIENT CARE network or NetworkBlue network whichever is applicable....Payment for covered services provided to such Policyholders shall be in accordance with Exhibit D PREFERRED PATIENT CARE if the Policyholder is entitled to access the PREFERRED PATIENT CARE network or in accordance with Exhibit D NETWORK BLUE if the Policyholder is entitled to access the NetworkBlue network.

and/or Blue Shield Plan for which the father was a member and which provided primary coverage, but the claim form mistakenly identified the sister Blue Cross and/or Blue Shield Plan for which the mother was a member and which provided secondary coverage. *Id.* at ¶13. Lee Memorial was not made aware of this by BCBSF, however, until after numerous and extensive errors and delays by BCBSF in processing the claim form and material misrepresentations and omissions by BCBSF that are described with particularity in paragraphs 16-24 of the complaint. *Id.* at ¶14. In fact, BCBSF ultimately notified Lee Memorial that, because of the extensive delays that had occurred in the processing of the claim by BCBSF and/or its sister Blue Cross and/or Blue Shield Plan, it was too late for Lee Memorial to correct the claim form in order to identify the sister Blue Cross and/or Blue Shield Plan for which the father was a member and which BCBSF deemed to be primary. *Id.* at ¶15. BCBSF ultimately denied payment based upon an alleged failure to timely coordinate benefits. *Id.*

Coordination of benefits is dealt with extensively in both the Agreement and amendments thereto as well as in hospital provider manuals that are published by BCBSF and given to the hospitals that participate in the BCBSF network in order to provide guidelines and requirements for the processing and payment of claims in a managed care setting. *See Rose* Aff. at ¶10. Lee Memorial relies upon BCBSF to establish such guidelines and requirements relating to coordination of benefits and to administer them in such fashion as to fulfill Lee Memorial's reasonable expectation to be paid for providing covered services to the subscribers of BCBSF and any of its sister Blue Cross and/or Blue Shield Plans. *Id.* at ¶11. Lee Memorial has sustained damages on account of the failure of BCBSF to properly discharge its legal duties owed to Lee Memorial under the Agreement and Florida law and/or the failure of a sister Blue

Cross and/or Blue Shield Plan to properly discharge such duties which were delegated to it by BCBSF.

Based upon the foregoing, Lee Memorial properly filed its complaint in state court against the defendants, BCBSF and BCBSNJ. In the complaint, Lee Memorial alleges as follows:

1. Count I for an order declaring the rights and liabilities of all of the parties under the Agreement, as amended, for payment of the medical services described above;

2. Count II for breach of the Agreement by BCBSF;

3. Count III for promissory/equitable estoppel against BCBSF and BCBSNJ for repeated misrepresentations to Lee Memorial that coverage for the hospital services provided to Nicholas Picardi had been accepted and that the claim would be paid;

4. Count IV for negligent misrepresentation by BCBSF and BCBSNJ as a consequence of their false statements of material fact when they represented to Lee Memorial that coverage for the hospital services provided to Nicholas Picardi had been approved and that payment would be forthcoming, when, in fact, BCBSF and BCBSNJ failed to conduct a reasonable and timely investigation of Lee Memorial's claim for payment for hospital services provided to Nicholas Picardi and to promptly notify Lee Memorial as to any policy defenses, coverage exclusions, or other matters affecting the ability of Lee Memorial to ultimately receive payment for covered claims;

5. Count V against BCBSF for breach of its fiduciary duty under the Agreement in the following respects:

    a) Failing to timely authorize medical care for Nicholas Picardi;

  b)  Failing to timely process claims for payment arising from the medical care of Nicholas Picardi;

  c)  Misinforming Lee Memorial as to the eligibility of Nicholas Picardi to receive covered services at Lee Memorial;

  d)  Wrongfully refusing to pay claims for covered services provided to Nicholas Picardi; and

  e)  Denying claims for covered services in order to advance the financial interests of BCBSF and BCBSNJ to the detriment of Lee Memorial;

6.  Count VI for unjust enrichment against BCBSF and BCBSNJ; and

7.  Count VII for breach of implied covenants of good faith and fair dealing against BCBSF under the Agreement.

In the complaint, Lee Memorial sues in its independent capacity as a third party health care provider and not in a derivative capacity as an assignee of the benefits of the beneficiary of a health plan. In fact, Lee Memorial does not have an assignment of benefits in this case and, therefore, could not sue in a derivative capacity if it wanted to do so. *See O'Brien* Aff. at ¶¶9 - 10. The complaint does not allege any causes of action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* BCBSF and BCBSNJ filed their joint notice of removal on August 12, 2016 on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## MEMORANDUM OF LEGAL AUTHORITY

It was improper to have removed this case from state court. "In every case and at every stage of a proceeding, a federal court must satisfy itself as to its jurisdiction over a matter." *See, e.g., Standard Bank PLC v. Vero Ins. Ltd.*, No. 08–cv–2127–PAB–KLM , 2009 WL 4730474, at

*4 (D. Colo. Dec. 7, 2009) (citing *Citizens Concerned for Separation of Church & State v. City & County of Denver,* 628 F.2d 1289, 1297, 1301 (10th Cir.1980)). "The removal statute is strictly construed against removal jurisdiction." *See, e.g., Boon v. Allstate Ins. Co.,* 229 F. Supp.2d 1016, 1019 (C.D. Cal. 2002) (citing *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.1992)).

> Courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand.

*Hernandez v. Publix Super Mkts., Inc.,* No. 14–20491–CIV., 2014 WL 1379141, at *3 (S.D. Fla. Apr. 9, 2014) (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)).

> BCBSF and BCBSNJ bear
> 
> the burden of demonstrating complete preemption and, where jurisdiction is not absolutely clear, the Eleventh Circuit favors remand. *Oskars, Inc. v. Bennett & Co., Inc.,* 132 F. Supp. 2d 1333, 1334 (M.D. Ala. 2001) (granting remand because plan not governed by ERISA) (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)); *Allen v. Christenberry,* 327 F.3d 1290, 1293 (11th Cir. 2003) (removal statutes should be construed narrowly, and all doubts resolved in favor of remand). In meeting its burden, a defendant must provide facts justifying removal. *See Hobbs v. Blue Cross Blue Shield of Ala.,* 276 F.3d 1236, 1242 (11th Cir. 2001) (remanding where health insurer failed to provide proof in support of removal).

*See Sheridan Healthcorp, Inc. v. Aetna Health Inc.,* No. 15–cv–62590–BLOOM/Valle, 2016 WL 490264, at *3 (S.D. Fla. Feb. 9, 2016) (granting motion to remand). BCBSF and BCBSNJ have not and cannot meet their burden of demonstrating complete preemption.

28 U.S.C. §1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed … to the district court of the United States for the district and division embracing the place where such action is pending." However, "[w]hether a federal question appears must ordinarily be determined on the face of the plaintiff's well-pleaded complaint." *S. Fla. Ear, Nose and Throat, PLLC v. Blue*

*Cross Blue Shield of Fla., Inc.*, No. 2:13–cv–178–FtM–29UAM, 2013 WL 6332968, at *2 (M.D. Fla. Dec. 5, 2013) (granting motion for remand of contract claim citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) (in turn citing *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). *See also Miami Beach Cosmetic and Plastic Surgery Ctr. v. Blue Cross Blue Shield of Fla., Inc.*, 947 F. Supp. 2d 1375, 1379 (S.D. Fla. 2013) (motion for remand granted for a cause of action based on oral contract between provider and insurer, BCBSF) (also citing *Conn. State Dental*, 591 F.3d at 1343 (in turn citing *Mottley,* 211 U.S. at 152).

In the case of ERISA, however, the doctrine of complete preemption has been recognized as a judicially-recognized exception to the well-pleaded complaint rule. *See Conn. State Dental Ass'n.*, 591 F.3d at 1344; *Riverside Med. Assocs. v. Humana, Inc.*, No. 06-61490-CIV-COHN, 2006 WL 3827541, at *2 (S.D. Fla. Dec. 28, 2006). The Supreme Court in *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)), recognized that two elements are required for complete preemption: 1) the plaintiff must have been able to bring its claim under ERISA § 502(a); and (2) there can be no other legal duty that supports the plaintiff's claim. *See also Conn. State Dental Ass'n.*, 591 F.3d at 1345. In this case, neither prong of the *Davila* test is satisfied.

The first prong of the *Davila* test is not satisfied in this case because Lee Memorial brings this action in its independent capacity as a third party health care provider and not in a derivative capacity as an assignee of a health plan beneficiary:

> First, healthcare provider claims are usually not subject to complete preemption because "[h]ealthcare providers ... generally are not considered 'beneficiaries' or 'participants' under ERISA." *Hobbs v. Blue Cross Blue Shield of Ala.,* 276 F.3d 1236, 1241 (11th Cir. 2001) (citing *Cagle v. Bruner,* 112 F.3d 1510, 1514 (11th Cir. 1997)); *see also Pascack Valley Hosp.* [*, Inc. v. Local 464A UFCW Welfare Reimbursement Plan,*] 388 F.3d

>[393,] 400 [ (3rd Cir. 2004) ] ("We conclude that the Hospital could not have brought its claims under § 502(a) because the Hospital does not have standing to sue under that statute."); *In re Managed Care Litig.*, 298 F. Supp.2d 1259 (S.D. Fla. 2003) (noting that only two categories of individuals—participants and beneficiaries—are authorized to sue for benefits under § 502(a)(1)(B)).

*Mitchell-Hollingsworth Nursing & Rehabilitation Ctr., LLC v. Blue Cross Blue Shield of Mich.*, 919 F.Supp. 2d 1209, 1217 (N.D. Ala. 2013) (emphasis in original) (citing *Conn. State Dental*, 591 F.3d at 1346 – 1347.

In this case, Lee Memorial, a medical provider, is unable to bring its claim under ERISA § 502(a) because it does not have a written assignment of ERISA benefits. In the absence of an assignment, "ERISA only provides a cause of action for plan participants and beneficiaries." *See McLachlan v. La. Health and Indem. Co.*, No. CIV.A. 02-0424, 2002 WL 1461885, at *2 (E.D. La. July 3, 2002); *Variety Children's Hosp., Inc. v. Blue Cross/Blue Shield of Fla.*, 942 F. Supp. 562, 567 (S.D.Fla. 1996) (holding that, as to a claim based upon promissory estoppel brought by a hospital in its independent status as a third-party healthcare provider and not as an assignee of ERISA benefits, preemption "would stretch the 'connected with or related to' standard too far.") Eleventh Circuit law has been consistently interpreted as "unequivocally requiring a written assignment of ERISA benefits" in order for a health care provider to have standing to pursue a claim under ERISA. *See Riverside Med. Assocs.*, 2006 WL 3827541, at *2. *See also Hobbs*, 276 at 1241.

In an apparent attempt to clear such a hurdle, the defendants have filed with the Court an affidavit stating that the electronic claim form submitted by Lee Memorial in this instance was coded in a manner that was consistent with that of a provider having an assignment of benefits. Regardless of the appearance of the claim form, a claim form is not an assignment of benefits, and Lee Memorial has filed with the Court the affidavit of the director of its business office

attesting to the fact that, based upon a diligent investigation, it has been determined that an assignment of benefits was never obtained by Lee Memorial. *See* O'Brien Aff. at ¶10. In a similar case, the Southern District of Florida flatly rejected a health plan's attempt to utilize a claim form in order to prove that the plaintiff, a medical provider, had obtained an assignment of ERISA benefits and, therefore, had standing to bring a derivative claim under ERISA. *See Riverside Med. Assocs.*, 2006 WL 3827541, at *2. That court reasoned that "the Court must give Plaintiff the benefit of the doubt as to whether these forms can be considered assignments of benefits from the patients to Plaintiff, particularly where Defendant bears the burden of showing federal subject matter jurisdiction upon removal." *Id.* The argument of the defendants is even less compelling here in that, in this case, unlike *Riverside Med.,* the record includes an affidavit from the medical provider confirming that no assignment exists.

Even if the defendants had succeeded in meeting their burden of showing that Lee Memorial had an assignment of ERISA benefits, which clearly is not the case here, the mere acceptance of an assignment of benefits by a provider does not equate to a forfeiture of the provider's claims arising independently of the agreement. *Id. See also Lordman, Ent., Inc. v. Equicor, Inc.*, 32 F.3d 1529 (11th Cir. 1994); *Mitchell-Hollingsworth Nursing & Rehabilitation Ctr., LLC,* 919 F. Supp. 2d at 1217 (*citing Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health and Welfare Trust Fund*, 538 F.3d 594, 597 (7th Cir. 2008)). Claims that arise either out of the provider's independent agreement with the defendant or out of independent actions undertaken by the defendant are not preempted even if the provider has obtained an assignment of ERISA benefits. *Id.* In the case at bar, Lee Memorial's claims are based upon independent legal duties arising under the Agreement and Florida law that were breached by the defendants and do not depend upon an assignment from the defendants' policy holder.

Likewise, the second prong of the *Davila* test is not satisfied in this case in that, as noted above, a legal duty independent of ERISA supports Lee Memorial's claims:

> [H]ealthcare provider claims are usually not subject to complete preemption because... such claims often are not the type of claims that could be brought under § 502(a) because they do not "duplicate[ ], supplement [ ], or supplant [ ] the ERISA civil enforcement remedy." *Davila,* 542 U.S. at 209, 124 S.Ct. at 2495. For example, *a healthcare provider's claims of negligent misrepresentation and estoppel based on a plan's oral misrepresentations are not ERISA claims because they do not arise from the plan or its terms. Franciscan Skemp* [*Healthcare, Inc. v. Central States Joint Board Health and Welfare Trust Fund* ], 538 F.3d [594,] 597 [ (7th Cir.2008) ].

*Mitchell-Hollingsworth Nursing & Rehabilitation Ctr., LLC* at 1217 (emphasis in original) (also citing *Conn. State Dental*, 591 F.3d at 1346 - 1347 in granting motion for remand of state claims based on breach of express contract, breach of implied contract, negligence/wantonness, fraud/misrepresentation/suppression of material facts, promissory fraud, equitable/promissory estoppel, quantum meruit, unjust enrichment, conspiracy and conversion).

"Both the Seventh Circuit and the Eleventh Circuit acknowledge that the nature of the claims pled in the plaintiff's complaint controls the ERISA pre-emption analysis… " *Mitchell-Hollingsworth Nursing & Rehabilitation Ctr., LLC,* 919 F.Supp.2d at 1220. In this case, the causes of action that have been pled consist of: declaratory relief under the Agreement and amendments thereto; breach of contract; promissory/equitable estoppel; negligent misrepresentation; breach of fiduciary duty under the Agreement; unjust enrichment; and breach of the implied covenant of good faith and fair dealing. The foregoing claims arise out of legal duties imposed by the Agreement and Florida law and not from the beneficiary's health plan or ERISA § 502(a).

The complaint in this case clearly alleges actions under state law which are independent of ERISA.

> [W]here [, as here,] state law causes of action make no reference to ERISA and function irrespective of federal statute, they will not be preempted. *Hiller v. Wachovia Corp.*, 2008 WL 4938424, at *1 (S.D.Fla. Nov. 18, 2008). As the Eleventh Circuit has observed, "the mere existence of an ERISA plan is not enough for preemption." *Id.* (quoting *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir.1994)).

*Sheridan Healthcorp,* 2016 WL 490264, at *6. In this case, Lee Memorial seeks an award of damages based upon its state law causes of action and does not seek a judicial determination of its "right to payment" under an ERISA benefits plan. *Mitchell-Hollingsworth Nursing & Rehabilitation Ctr., LLC,* 919 F.Supp.2d at 1221. *See Franciscan Skemp Healthcare, Inc.*, 538 F.3d at 598 (the plaintiff's mention of 'covered services' in…[the] complaint does not convert its breach of contract claim into one for denial of plan benefits"). The defendants have simply failed in their burden of establishing complete preemption in this case. *See Sheridan Healthcorp,* 2016 WL 490264, at *6 (breach of contract and declaratory relief); *Lamonica v. Brown Nursing Home, LLC,* No. 3:15cv326-SRW, 2015 WL 9008449, at *6 (M.D. Ala. Dec. 15, 2015) (misrepresentation and others); *S. Fla. Ear, Nose and Throat,* 2013 WL 6332968, at *2 (breach of contract); *Miami Beach Cosmetic*, 947 F. Supp. 2d at 1379 (breach of contract); *Mitchell-Hollingsworth Nursing & Rehabilitation Ctr.*, 919 F. Supp. 2d at 1209 (breach of express contract, negligence/wantonness, fraud/misrepresentation/suppression of material facts, equitable/promissory estoppel, and unjust enrichment, among others); *Tulsa Specialty Hosp., LLC v. Boilermakers Nat'l Health & Welfare Fund,* No. 12-CV-252-GKF-FHM, 2012 WL 2887513, at *4 (N.D. Okla. July 13, 2012) (misrepresentation).

## Conclusion

Inasmuch as this case is not preempted by ERISA, 29 U.S.C. § 1001 *et seq.*, and does not involve a federal question under 28 U.S.C. § 1331, this case should be remanded in its entirety to

the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, where the action was originally filed as Case No. 2016-CA-001878.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of October, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following: Daniel Alter, Esq., Gray Robinson, P.A, 401 East Las Olas Boulevard, Suite 1000, Fort Lauderdale, FL 33301 at dan.alter@gray-robinson.com.

/s/ Joel W. Walters\
Joel W. Walters, Esq.\
Florida Bar No. 604356\
jwalters@walterslevine.com\
WALTERS LEVINE, P.A.\
1819 Main Street, Suite 1110\
Sarasota, FL 34236\
Telephone: 941-364-8787\
Facsimile: 941-361-3023