UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

        Plaintiff,

v.                             Case No:   2:16-cv-901-FtM-38MRM

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC., HORIZON
HEALTHCARE SERVICES, INC.,
HORIZON BLUE CROSS BLUE
SHIELD OF NEW JERSEY and
HORIZON BCBSNJ,

        Defendants.

_____/

## OPINION AND ORDER[1]

    This matter comes before the Court on United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 33) dated February 22, 2017.  Judge McCoy recommends denying Plaintiff Lee Memorial Health System's ("Lee Memorial") Motion for Remand (Doc. 13), granting Defendants Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), and Horizon Healthcare Services, Inc. d/b/a Blue Cross Blue Shield of New Jersey, Horizon Blue Cross and Blue Shield of New Jersey ("BCBSNJ") and Horizon BCBSNJ's Motion to Dismiss (Doc. 9), and allowing Lee Memorial leave to file an

_____

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

amended complaint.  (Doc. 33 at 37).  The parties have filed timely objections to the Report and Recommendation.  (Doc. 37; Doc. 38).  Defendants BCBSF and BCBSNJ have responded to Lee Memorial's objections. [2]  (Doc. 40).  Thus, the Report and Recommendation is ripe for review.

## BACKGROUND

The Report and Recommendation extensively covers the background of this case. For the sake of brevity, the Court will only recount the necessary facts.  This case is premised upon insurance coverage.  Lee Memorial operates a healthcare system that includes a hospital providing medical services and treatments to admitted patients. Defendants BCBSF and BCBSNJ are underwriters and administrators of healthcare plans that provide policyholders with healthcare benefits and coverage.

In 1985, Lee Memorial and BCBSF entered into a Preferred Patient Care Hospital Agreement ("Agreement") in which Lee Memorial agreed to provide healthcare services in exchange for payment by BCBSF.  There are two relevant amendments to the Agreement that bear mentioning.  The first is the Tenth Amendment, which provides in pertinent part, "that no person, entity, or organization other than BLUE CROSS AND BLUE SHIELD shall be held accountable or liable to HOSPITAL for any of BLUE CROSS AND BLUE SHIELD'S obligations to HOSPITAL created under this Agreement."  (Doc. 2

---

[2] Lee Memorial filed its Response to Defendants' Objection to Magistrate Judge's Report and Recommendation on March 27, 2017.  (Doc. 41).  In response, Defendants move to strike Lee Memorial's Response as untimely.  (Doc. 42).  Lee Memorial's Response was due on or before March 20, 2017, and it filed its Response one week later.  (Doc. 35 at 2; Doc. 41).  Consequently, the Court will strike Lee Memorial's Response as untimely.  *See Quarles v. Nationwide Prop. & Cas. Ins. Co.*, 509 F. App'x 914, 915 n.2 (11th Cir. 2013) (acknowledging the district court's decision to deny a response in opposition as untimely).

at ¶ 10).  The second relevant amendment is the Twentieth Amendment, which provides, in pertinent part:

> It is further agreed that BLUE CROSS AND BLUE SHIELD is entitled to treat individuals covered through sister Blue Cross and/or Blue Shield Plans (i.e. each Plan an independent corporation operating under a license or sub-license with the Blue Cross and Blue Shield Association) as Policyholders under this Agreement. Such individuals being treated as being covered under a PREFERRED PATIENT CARE Benefit Agreement or other benefit agreement which provides access to participating providers in either the PREFERRED PATIENT CARE network or NetworkBlue network . . . whichever is applicable. . . . Payment for covered services provided to such Policyholders shall be in accordance with Exhibit D PREFERRED PATIENT CARE if the Policyholder is entitled to access the PREFERRED PATIENT CARE network or in accordance with Exhibit D NETWORK BLUE if the Policyholder is entitled to access the NetworkBlue network.

(Doc. 2 at ¶ 10).

Relevant to this case is Heather Picardi and her son, N.P., who was born at Lee Memorial.  Picardi is a policyholder of BCBSNJ and sought treatment at Lee Memorial for complications relating to her pregnancy.  There, Picardi prematurely gave birth to N.P., a covered dependent under Picardi's BCBSNJ plan.  Later, BCBSNJ argued that N.P. was covered under a separate group policy agreement held by N.P.'s father.  Per the Agreement's Twentieth Amendment, Lee Memorial submitted claims to BCBSF for treatment provided to Picardi and N.P.  BCBSF denied and delayed payment of the claims.

Consequently, Lee Memorial filed this suit in state court. It alleges the following seven claims:

- Count I, Declaratory Relief Under Florida Statutes, Chapter 86;

- Count II, Breach of Contract;

- Count III, Promissory/Equitable Estoppel;

3

- Count IV, Negligent Misrepresentation;

- Count V, Breach of Fiduciary Duty;

- Count VI, Unjust Enrichment; and

- Count VII, Breach of Implied Covenants of Good Faith and Fair Dealing Against BCBSF.

(Doc. 2).  Subsequent to Lee Memorial's filing, Defendants removed this case to federal court on grounds that Lee Memorial's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").  (Doc. 1).  The Motions before the Court are Lee Memorial's Motion for Remand and Defendants' Motion to Dismiss.  (Doc. 9; Doc. 13).  The undersigned referred both Motions to Judge McCoy for a Report and Recommendation.  As stated, Judge McCoy recommends denying Lee Memorial's Motion for Remand, granting Defendants' Motion to Dismiss, but allowing Lee Memorial leave to amend.  (Doc. 33).  The parties object to the recommendations.  (Doc. 37; Doc. 38; Doc. 40).

## LEGAL STANDARD

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.  *See* 28 U.S.C. § 636(b)(1); *see also Williams v. Wainwright,* 681 F.2d 732 (11th Cir. 1982).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations, 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**DISCUSSION**

**A.    Motion for Remand**

Lee Memorial moves to remand this case to state court, arguing its state law claims are not preempted by ERISA, and that this Court lacks federal question jurisdiction.  (Doc. 13).  And, Lee Memorial raises several objections to the Report and Recommendation's finding to deny its Motion.  (Doc. 37).  First, it avers it lacks standing to assert an ERISA claim.  (Doc. 37 at 12).  In support, Lee Memorial insists that it is a third party healthcare provider and not as an assignee of a health plan beneficiary.  (Doc. 37 at 12).  Next, Lee Memorial asserts its claims are independent of any ERISA healthcare plan.  (Doc. 37 at 19-20).  As a final measure, Lee Memorial argues lack of jurisdiction and renews its request for remand.  (Doc. 37 at 24).

The burden of establishing subject matter jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court.  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Rocky Mountain Holdings, LLC v. Blue Cross & Blue Shield of Fla., Inc.*, No. 608-CV-686- ORL-19KRS, 2008 WL 3833236, at *1 (M.D. Fla. Aug. 13, 2008).  The party seeking removal has "the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence."  *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1242 (11th Cir. 2001).  District courts should strictly construe the removal requirements of 28 U.S.C. § 1441 and remand all cases in which jurisdiction falls outside of the parameters of the statute.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Rocky Mountain Holdings*, 2008 WL 3833236, at *1.  Removal to federal court is proper in "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction." 28 U.S.C. § 1441(a).  To establish original jurisdiction, an action must satisfy the requirements of federal question jurisdiction under 28 U.S.C. § 1331.

Generally, the test to determine if federal question jurisdiction exists is whether a federal question appears on the face of the well-pleaded complaint.  *See Gables, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1337 (11th Cir. 2015), cert. denied, 137 S. Ct. 296 (2016); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003). But, there is a relevant exception to the well-pleaded rule.  The Eleventh Circuit has "recognized that '[c]omplete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim.'" *Gables*, 813 F.3d at 1337 (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009)).

When considering a motion to remand, the court may consider the evidence in and outside the petition for removal and motion to remand.  *See May v. Lakeland Reg'l Med. Ctr.*, No. 809-CV-406-T-33AEP, 2010 WL 376088, at *3 (M.D. Fla. Jan. 25, 2010) (citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).  The evidence considered must be judged at the time of removal and must support the grounds for removal found in the Notice of Removal.  *Id.*  It bears noting that "[t]he removing party bears the burden of demonstrating complete preemption and, where jurisdiction is not absolutely clear, the Eleventh Circuit favors remand." *Sheridan Healthcorp, Inc. v. Aetna Health Inc.*, 161 F. Supp. 3d 1238, 1244 (S.D. Fla. 2016).

Against this backdrop, the Court will address Lee Memorial's objections to the Report and Recommendation's finding to deny its Motion for Remand.

1.    *Standing*

Lee Memorial's first objection is that it lacks standing to bring any ERISA claim because it is a third party healthcare provider and not an assignee of a health plan beneficiary.  (Doc. 37 at 12).  Lee Memorial makes this argument per the test set forth in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).  In response to Lee Memorial's objection, Defendants assert that Lee Memorial has standing to present a colorable claim under ERISA. [3]  (Doc. 40 at 9-10).

A plan participant or a beneficiary under a health plan has a private right of action to recover benefits under a health insurance plan pursuant to § 502(a) of ERISA.  *Gables, 813 F.3d at 1337*. That section provides:

> A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B); *Davila*, 542 U.S. at 210.  "This provision is straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits. A participant or beneficiary can also bring suit generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits." *Davila*, 542 U.S. at 210.  Section 502(a) "has such extraordinary preemptive power that it converts an ordinary state common law

---

[3] Defendants contend that Lee Memorial's objections are repetitive of its original arguments in the Motion to Remand.  (Doc. 40 at 5).  Consequently, Defendants request the Court review the Magistrate Judge's findings for "clear error" rather than the usual *de novo* standard of review. (Doc. 40 at 5).  The Court denies to do so.  *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994) (finding that the district judge reviews legal conclusions *de novo*, even in the absence of an objection).

complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Gables*, 813 F.3d at 1337 (internal quotes omitted).

To determine whether causes of action fall under § 502(a), courts apply the two-part test established in *Davila*.  *See Gables*, 813 F.3d at 1337.  Under this test, a court must ask: "'(1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim.'"  *Id.* (quoting *Conn. State Dental*, 591 F.3d at 1345).  If the answer to both questions is yes, the claim is preempted. *See id.*

To bring a claim under ERISA, a plaintiff must have statutory standing, "meaning the plaintiff has the right to make a claim under section 502(a)."  *See Gables*, 813 F.3d at 1338.  Only two categories of individuals may bring suit under ERISA— plan participants and beneficiaries.  *Id.* (citing 29 U.S.C. § 1132(a)(1)(B)).  Healthcare providers generally are neither plan participants nor beneficiaries.  Consequently, they lack independent standing to sue under ERISA.  *Id.*  But, there is an exception:

> a healthcare provider may acquire *derivative standing* to sue under ERISA by obtaining a written assignment from a participant or beneficiary of his right to payment of medical benefits. . . . . [N]othing in ERISA prohibits a healthcare provider from acquiring derivative standing based upon an assignment of rights from a participant or beneficiary. . . . . We recognized that the interests of ERISA plan participants and beneficiaries are better served by allowing provider-assignees to sue ERISA plans because the providers are better situated and financed to pursue an action for benefits owed for their services.

*Id.* at 1339 (internal citations omitted) (emphasis added).

Here, Lee Memorial possesses derivative standing if an assignment took place between it and Picardi and N.P.  Herein lies the dispute.  Lee Memorial contends an express assignment did not take place and thus, it lacks standing.  Lee Memorial points

to two affidavits of Patricia O'Brien to illustrate the lack of an assignment.[4]  (Doc. 14-2; Doc. 39-1).  O'Brien is Lee Memorial's Director of the Central Business Office.  (Doc. 39-1 at 1).  Lee Memorial relies on O'Brien's statements concerning the assignment of N.P.'s policy.  (Doc. 14-2 at 2; Doc. 39-1).  For instance, O'Brien states, "At no time did LEE HEALTH obtain an assignment of benefits payable from the health plan for which the newborn's father was a member and which provided coverage for the newborn according to the Defendants."  (Doc. 39-1 at 4).  The Court acknowledges O'Brien's assertions, but points to the relevant issue at hand— do the claim forms[5] sufficiently establish an assignment between the relevant parties?  The Report and Recommendation found the Eleventh Circuit's decision in *Connecticut State Dental* to be instructive on this point, and the Court does as well.

In *Connecticut State Dental*, two dentists and their dental association brought an action in state court against its dental care plan and plan administrator, alleging various contract and negligence claims.  *Conn. State Dental*, 591 F.3d at 1342.  The defendant removed the case to federal court based on ERISA preemption.  *Id.* at 1345-46.  The issue before the court was "whether § 502(a)(1)(B) of [ERISA] completely preempt[ed] one or more of Plaintiffs' state law claims, thus providing a basis for federal question jurisdiction."  *Id.* at 1341-42.  To decide whether the plaintiffs' claims fell under ERISA,

---

[4] Because Lee Memorial filed O'Brien's supplemental affidavit late, Defendants contest the Court's consideration of it.  (Doc. 40 at 2-3).  The Court must review this case *de novo* and as such, it will consider the submitted affidavit.  *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994) (finding that the district judge reviews legal conclusions *de novo*, even in the absence of an objection).

[5] The term "claim form" is in reference to the forms submitted electronically to BCBSF for payment of services rendered to N.P.  (Doc. 1-3).

the court examined their standing. *Id.* at 1350. It stated, "all one needs for standing under ERISA is a colorable claim for benefits, and the 'possibility of direct payment is enough to establish subject matter jurisdiction.'" *Id.* at 1353 (citing *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700-01 (7th Cir. 1991)).

Based on *Connecticut State Dental*, the Court finds the claim forms are sufficient to establish Lee Memorial's standing. Although O'Brien's affidavit suggests the opposite, the Court places weight on the objective nature of the claim form itself. The Declaration of Lise M. Strother, who works for BCBSF, attests generally to claim forms submitted by medical facilities along with the codes and entries made on the submissions. (Doc. 1-9 at 1). Strother indicates that field location box 53 on the form is left for a facility to indicate whether it possesses an assignment of insurance benefits from its patient. (Doc. 1-9 at 2). An independent inspection of box "53" on the blank claim form reveals an abbreviation of "ASG. BEN." *See* (Doc. 1-6). Thus, it is reasonable to conclude that box 53 indicates an assignment when checked "Y" for yes. (Doc. 1-6; Doc. 1-9 at 2). Here, the claim form at issue shows that Lee Memorial checked "Y" at box 53. (Doc. 1-3). Beyond O'Brien contending that no assignment had taken place because there was no contact with N.P.'s father, Lee Memorial has not explained why it checked box 53 with a "Y" to indicate an assignment. This leaves the Court to conclude that an assignment took place.

Lee Memorial attempts to defeat standing by relying on *Riverside Med. Assocs. v. Humana, Inc.*, No. 06-61490-CIV-COHN, 2006 WL 3827541 (S.D. Fla. Dec. 28, 2008). In *Riverside*, the district court found that the defendants did not meet their burden of showing the written assignments of claims from ERISA beneficiaries to the plaintiff provider. *Id.*, 2006 WL 3827541, at *2. But, *Riverside* is distinguishable for two reasons.

First, in *Riverside*, there were no claim forms attached or submitted.  Here, the opposite is true—there are attached claim forms, one of which indicates an assignment.  (Doc. 1-3; Doc. 1-5; Doc. 1-6).

Second, *Riverside* relies on *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001) as precedent.   The *Riverside* court read *Hobbs* as "unequivocally requiring a written assignment of ERISA benefits." *Riverside*, 2006 WL 3827541, at *2.  But, the Eleventh Circuit's decision in *Hobbs* predates *Connecticut State Dental*, and the cases have competing findings.  *Compare Hobbs*, F.3d at 1241 (finding no derivative standing where defendants failed to present written proof of assignment), *with Conn. State Dental*, 591 F.3d at 1353 (finding derivative standing where there is a colorable claim for benefits).  The Court here finds *Connecticut State Dental* to control.  Because the claim form indicates an assignment took place, it follows that a right to payment exists for claims submitted by Lee Memorial to Defendants.  Consequently, there are enough factual allegations to establish a colorable claim for benefits and therefore, standing exists.  Because the Court finds standing, it will next address the second part of the *Davila* test, which regards preemption.

### 2.   Preemption by ERISA of State Law Claims

Lee Memorial's second objection to the Report and Recommendation is that its claims are independent of any BCBSF and BCBSNJ plan and thus, ERISA's preemption principle does not apply.  (Doc. 37 at 20).

As stated, the second part of *Davila* requires the Court to consider whether Lee Memorial's state law claims arise out of a duty independent of the ERISA plan.  *See Gables*, 813 F.3d at 1337.  This means that the Court must inquire as to whether the

claims "implicate legal duties independent of those imposed by ERISA, or an ERISA plan's terms." *See id.* (citing *Davila*, 542 U.S. at 210). This is important because if any of Lee Memorial's state law claims are preempted by ERISA, the district court has federal question jurisdiction over those and any claims joined with the preempted claims. *Conn. State Dental*, 591 F. 3d at 1353. The Eleventh Circuit outlines ERISA's complete preemption principles in *Connecticut State Dental*:

> Complete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a), which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' Consequently, any 'cause[ ] of action within the scope of the civil enforcement provisions of § 502(a) [is] removable to federal court.'

*Id.* at 1344 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987)).

To establish that its state law claims are not preempted, Lee Memorial relies on two cases, *Hollingsworth Nursing & Rehab. Ctr., LLC v. Blue Cross and Blue Shield of Mich.*, 919 F. Supp. 2d 1209 (N.D. Ala. 2013) and *Gables Ins. Recovery, Inc. v. Blue Cross and Blue Shield of Fla., Inc.*, 813 F.3d 1333 (11th Cir. 2015). Although *Hollingsworth* is not controlling, the Court will nonetheless address it. In *Hollingsworth*, the district court determined that plaintiff's state law claims were not preempted by ERISA. 919 F. Supp. 2d at 1221. The case involved a nursing facility that was denied coverage for healthcare services the facility provided under a healthcare plan that was administered by the insurer. *Id.* at 1213-15. The nursing facility brought state law claims alleging, *inter alia*, breach of express contract, breach of implied contract, negligence, misrepresentation, equitable/promissory estoppel, and unjust enrichment. *Id.* at 1212. There, the court found that an assignment of benefits did not necessarily implicate preemption by ERISA. *Id.* at 1220. Instead, the court focused on the nature of the claims

pled and looked to the independent agreement between the parties and the independent actions of the defendant.  *Id.*  The court also looked to the language of the health plan, noting that the "mere mention of 'covered services'" in the complaint was not enough to implicate ERISA.  *Id.* at 1221.

Lee Memorial next relies on the Eleventh Circuit's decision in *Gables* to distinguish it from the facts in this case.  In *Gables*, plaintiff was an assignee of a healthcare provider that brought suit against defendant insurer.  813 F.3d at 1335.  The plaintiff alleged state law claims, including breach of common law duties under the health insurance contract.  *Id.*  The Eleventh Circuit found the state law claims were preempted by ERISA.  *Id.* at 1337-38.  In deciding whether the state law claims arose under a separate duty independent of the ERISA plan, the court looked to the defendant's duty to pay for services under the ERISA plan.  *Id.*  If the state law claims were dependent on such duty to pay, then the state law claims were preempted by ERISA.  *Id.*

Lee Memorial distinguishes *Gables* from the present set of facts in several ways.  First, it contends the *Gables* plaintiff pled standing to sue as an assignee.  (Doc. 37 at 23).  Here, Lee Memorial pleads no standing.  Furthermore, unlike the state law claims in the instant case, the *Gables* plaintiff brought a claim for breach of the health insurance plan.  (Doc. 37 at 23).  Third, the facts in *Gables* indicate there was no express provider agreement available whereas the instant case has such an agreement.  (Doc. 37 at 23).  As a final distinction, Lee Memorial clarifies that the *Gables* plaintiff brought different claims than it.  (Doc. 37 at 23).  Specifically, Lee Memorial contends the *Gables* plaintiff did not bring claims for declaratory relief, breach of contract, breach of fiduciary duty, and breach of implied covenants of good faith and fair dealing.  (Doc. 37 at 23-24).

Although Lee Memorial relies heavily on *Hollingsworth*, it does so to its detriment. *Hollingsworth* is not persuasive for the reasons stated in the Report and Recommendation.  Rather, the Court looks to *Gables* despite Lee Memorial's attempts to distinguish that case.  Consequently, the crux of the inquiry hinges on whether each of Lee Memorial's state law claims stand independent of any ERISA healthcare plan and are not preempted. The Court will address each of Lee Memorial's claims in turn.

### i. Counts I and II (Declaratory Relief and Breach of Contract)

In Count I, Lee Memorial asserts a claim for Declaratory Relief under Florida Statutes, Chapter 86.  (Doc. 2 at 5-7).  According to Lee Memorial, it is uncertain as to its rights under the Agreement.  (Doc. 2 at 5).  Lee Memorial states that "BCBSNJ is a 'sister Blue Cross and/or Blue Shield Plan' within the meaning of the Twentieth Amendment to Agreement . . .  [and] is entitled to be paid for the treatment of [N.P.] in accordance with the rates set forth in the Agreement as amended."  (Doc. 2 at ¶ 30).  Additionally, Lee Memorial contends that "pursuant to the Tenth Amendment to Agreement, BCBSF is liable for such amounts."  (Doc. 2 at ¶ 31).

In Count II, Lee Memorial alleges Breach of Contract.  (Doc. 2 at 6-7).  According to Lee Memorial, it provided "hospital goods and services to [N.P.]" per the Agreement and submitted a claim to BCBSF for such goods and services.  (Doc. 2 at ¶ 36).  The Complaint lists the ways in which BCBSF breached the Agreement:

a) Failing and refusing to make timely and sufficient payment for covered services rendered to [N.P.], who was a covered dependent under a BCBCNJ health plan;

b) Failing and refusing to furnish timely and accurate information and decisions relating to the adjudication of the claim;

     c)   Failing and refusing to furnish timely authorization to perform hospital services required by [N.P.], who was a covered dependent under a BCBSNJ health plan; and

     d)   Failing and refusing to abide by its own policies and procedures relating to preadmission certification and payment for covered services rendered to [N.P.].

(Doc. 2 at ¶ 37).

In the above claims, Lee Memorial references the Agreement multiple times. At first blush, the Agreement seems to govern the issue of payment. But, the Agreement is a distractor. The Agreement may govern the terms determining which branch of Blue Cross and Blue Shield is liable to pay, but payment ultimately hinges upon the existence of an ERISA healthcare plan. While it is tempting to look at the Agreement, the Court is reminded that the existence of the health care plan is what gives rise to the duty to pay. *See Gables*, 813 F.3d at 1337-38 (looking to the defendant's duty to pay under the ERISA plan when determining whether plaintiff's state law claims were independent of ERISA). Simply put, Lee Memorial cannot recover payment unless N.P. is a covered dependent under an ERISA healthcare plan. Because Counts I and II are rooted in the issue of coverage, they are preempted by ERISA.

     ii.   <u>Counts III and IV (Promissory/Equitable Estoppel and Negligent Misrepresentation)</u>

Lee Memorial alleges Promissory/Equitable Estoppel in Count III because Defendants represented "that coverage for the hospital services provided to Nicholas Picardi had been accepted under the BCBSNJ policy issued to Heather Picardi and that the claim would be paid." (Doc. 2 at ¶ 41). Lee Memorial asserts it "relied upon such representations in conjunction with the action which it undertook to submit a claim for payment for covered services." (Doc. 2 at ¶ 42). Lee Memorial contends such

representations were "contrary to the later asserted representation by BCBSF and BCBSNJ in January 2014 that the claim would not be paid because primary coverage was afforded under a different BCBSNJ policy for which the claim deadline had passed." (Doc. 2 at ¶ 43).

Next, Lee Memorial alleges Negligent Misrepresentation in Count IV.  (Doc. 2 at 8-9).  It contends Defendants owed a duty to conduct a "reasonable investigation of Lee Memorial's claims for payment for hospital services provided to [N.P.], to promptly notify Lee Memorial as to any policy defenses, coverage exclusions, or other matters affecting the ability of Lee Memorial to ultimately receive payment for covered claims."  (Doc. 2 at ¶ 47).  Additionally, Lee Memorial asserts that Defendants made "false statements of material fact when they represented to Lee Memorial that coverage for the hospital services provided to [N.P.] had been approved and that payment would be forthcoming." (Doc. 2 at ¶ 48).   Due to reliance on these false statements and material misrepresentations, Lee Memorial contends it suffered damages.  (Doc. 2 at ¶ 52).

Defendants contend the Report and Recommendation erroneously applied *Connecticut State Dental* to Lee Memorial's Promissory/Equitable Estoppel and Negligent Misrepresentation claims.  (Doc. 38 at 5-12).  The Court disagrees. The Eleventh Circuit explicitly stated, "[f]or example, a healthcare provider's claims of negligent misrepresentation and estoppel based on a plan's oral misrepresentations are not ERISA claims because they do not arise from the plan or its terms." *Conn. State Dental*, 591 F.3d at 1347.  Here, Defendants made statements that misrepresented their ability to pay Lee Memorial.  (Doc. 2 at ¶¶ 41-52).  Thus, there are oral misrepresentations in this case that do not arise from the ERISA healthcare plan itself or its terms.  Given the precedent

set forth in *Connecticut State Dental*, the Court finds that Lee Memorial's Promissory/Equitable Estoppel and Negligent Misrepresentation claims remain state law claims.

### iii.   Count V (Breach of Fiduciary Duty)

Moving forward, Lee Memorial alleges a claim for Breach of Fiduciary Duty in Count V. (Doc. 2 at 9-11).  According to Lee Memorial, BCBSF breached in the following ways:

a)  Failing to timely authorize medical care for [N.P.];

b)  Failing to timely process claims for payment arising from the medical care of [N.P.];

c)  Misinforming Lee Memorial as to the eligibility of [N.P.] to receive covered services at Lee Memorial;

d)  Wrongfully refusing to pay claims for covered services provided to [N.P.]; and

e)  Denying claims for covered services in order to advance the financial interests of BCBSF and BCBSNJ to the detriment of Lee Memorial.

(Doc. 2 at ¶ 57).

The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a duty; (2) breach of that duty; and (3) damages flowing from the breach.  *Cassedy v. Alland Inv. Corp.*, 128 So. 3d 976, 978 (Fla. 1st Dist. Ct. App. 2014).  In essence, Lee Memorial contends BCBSF breached its fiduciary duty in refusing to pay for covered services and denying any claims for such services.  (Doc. 2 at ¶ 57).  This claim appears to concern payment for services provided to N.P. at the hospital.  Consequently, it hinges on N.P.'s coverage under an ERISA healthcare plan.  Because the claim hinges on coverage under an ERISA plan, Count V is preempted by ERISA.  *See Gables*, 813 F.3d

at 1338 (finding claims that "necessarily depend upon a breach of the ERISA plan . . . do not arise out of a separate duty independent of the plan).

### iv.   Count VI (Unjust Enrichment)

As an alternative to its Breach of Contract claim, Lee Memorial brings a claim for Unjust Enrichment in Count VI.  (Doc. 2 at 11-12).  Lee Memorial asserts that it would be "inequitable" for Defendants to retain benefits it conferred upon them by Lee Memorial. (Doc. 2 at ¶ 69).  Those benefits include the supplied hospital and other medically necessary healthcare services provided to N.P.  (Doc. 2 at ¶ 62).

The elements of a claim for unjust enrichment are (1) plaintiff conferred a benefit on defendant; (2) defendant voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.  *Porsche Cars N. Am., Inc. v. Diamond*, 140 So. 3d 1090, 1100 (Fla. 3d Dist. Ct. App. 2014) (citation omitted).  Here, Lee Memorial is claiming unjust enrichment for services provided to N.P., which, in turn, calls upon the issue of coverage.  As such, Count VI is preempted by ERISA.

### v.   Count VII (Breach of Implied Covenants of Good Faith and Fair Dealing)

For its final claim, Lee Memorial alleges Breach of Implied Covenants of Good Faith and Fair Dealing.  (Doc. 2 at 12-14).  According to it, BCBSF contravened Lee Memorial's reasonable contractual expectations in the following ways:

    a)  Arbitrarily denying authorization to Lee Memorial for medically necessary services that were provided to [N.P.];

    b)  Failing to keep adequate records of authorization granted by BCBSF and/or BCBSNJ for medically necessary services provided by LMHS to [N.P.];

    c)  Failing to process and pay claims arising from the treatment of [N.P.] within a commercially reasonable time;

    d)  Misinforming Lee Memorial as to the eligibility of [N.P.] to receive covered services at Lee Memorial;

    e)  Wrongfully refusing to pay claims for covered services provided to [N.P.]; and

    f)  Denying claims for covered services in order to advance the financial interests of BCBSF and BCBSNJ to the detriment of Lee Memorial.

(Doc. 2 at ¶ 99).

Florida law recognizes an implied covenant of good faith and fair dealing in every contract.  *See QBE Ins. Corp. v. Chalfonte Condo. Apt. Ass'n, Inc.*, 94 So. 3d 541, 548 (Fla. 2012) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999)).  "A duty of good faith must 'relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements.'"  *Id.* (citations omitted).  The Court reiterates that Lee Memorial's claims requiring a prerequisite showing of coverage under an ERISA healthcare plan necessarily implicate ERISA.  Such is the case here.  Ultimately, this claim turns upon the multiple ways in which BCBSF breached in failing to acknowledge the covered services provided to N.P.  (Doc. 2 at ¶ 99).  As such, Count VII is preempted by ERISA.

In conclusion, all but two claims are preempted by ERISA. Counts I, II, V, VI, and VII are preempted; whereas Counts III and IV are not.  Based on this finding, the Court turns to Lee Memorial's third objection to the Report and Recommendation.

3.    *Lack of Jurisdiction*

Lee Memorial's final objection to the Report and Recommendation is that the Court lacks jurisdiction to determine Defendants' Motion to Dismiss.  (Doc. 37 at 24).   In asserting this objection, Lee Memorial assumes this case is not preempted and therefore, lacks federal question jurisdiction.  (Doc. 37 at 24).  As explained above, a majority of Lee Memorial's claims do not escape complete preemption by ERISA.  As such, the Court retains federal question jurisdiction over this case, and it will now discuss the Motion to Dismiss.

**B.    Motion to Dismiss**

The Report and Recommendation recommends granting the Motion to Dismiss without prejudice and affording Lee Memorial leave to file an amended complaint.  (Doc. 33 at 37). Defendants object, arguing that Lee Memorial's claims for Promissory/Equitable Estoppel and Negligent Misrepresentation are defensively preempted by ERISA.[6]  (Doc. 38 at 12-18).  The Court disagrees.

Defensive preemption requires an inquiry separate from complete preemption. Complete preemption is jurisdictional whereas defensive preemption is an affirmative defense to state law claims. *Jones v. LMR Intern, Inc.* 457 F.3d 1174, 1179 (11th Cir. 2006).  Defensive preemption extends to "any and all State" law claims if the claims relates to an ERISA plan.  29 U.S.C. § 1144(a).  It then follows that "a state law claim may be defensively preempted under § 514(a) but not completely preempted under § 502(a)." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005).

---

[6] None of the parties object otherwise to the Report and Recommendation's findings on Defendants' Motion to Dismiss.

Defendants contend the Report and Recommendation misapplied *Connecticut State Dental* to Lee Memorial's Promissory/Equitable Estoppel and Negligent Misrepresentation claims. (Doc. 38 at 12-18). In *Connecticut State Dental*, the Eleventh Circuit addressed defensive preemption. It stated, "[i]n the context of defensive preemption, this Court has similarly concluded that healthcare provider claims for negligent misrepresentation are not preempted." 591 F.3d at 1347 n.7 (citations omitted). This case is on point. Here, Lee Memorial is a healthcare provider bringing a negligent misrepresentation claim against two insurer Defendants. Thus, following the Eleventh Circuit, the Court finds no defensive preemption where Lee Memorial's Negligent Misrepresentation claim is concerned. *Id.*; *Lordmann Enters., Inc. v. Equicor, Inc.*, 32 F.3d 1529, 1533 (11th Cir. 1994). Lee Memorial's Promissory/Equitable Estoppel claim likewise escapes defensive preemption because it is premised upon the same oral misrepresentations concerning the existence of healthcare coverage. *Lordmann Enters.*, 32 F.3d at 1533 (citation omitted) (recognizing that ERISA preemption of potential causes of action for misrepresentation would cause healthcare providers to "either deny care or raise fees to protect themselves"). For these reasons, the Court finds neither of the two state law claims are defensively preempted by ERISA.

Moreover, Defendants contend the Report and Recommendation failed to undertake or acknowledge the applicable analysis for defensive preemption in the Eleventh Circuit. (Doc. 38 at 13). They rely on *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186 (11th Cir. 1997). (Doc. 38 at 14). In *Garren*, the plaintiff appealed the dismissal of his action under ERISA. The plaintiff argued that seeing as he was neither a party to the agreement nor plan administrator, ERISA preemption did not apply. *Id.* at

188.  The Eleventh Circuit found otherwise — "[t]he proper focus is not on the relationship between the parties but on the relationship between the alleged conduct and the refusal to pay benefits." *Id.*

As further support, Defendants cite to *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040 (11th Cir. 1995).  In *Variety*, the plaintiff was a children's hospital seeking recovery for the cost of medical services it provided to a minor. *Variety*, 57 F.3d at 1041.  Like this case, the alleged counts were for promissory estoppel and misrepresentation.  *Id.* at 1042-43.  The Eleventh Circuit found the claims were preempted by ERISA.  *Id.*  It reasoned where misrepresentation is "based upon the failure of a covered plan to pay benefits, the state law claims have a nexus with the ERISA plan and its benefits system."  *Id.* at 1042.  Regarding the promissory estoppel claim, the court decided that it also related to the benefits under the plan and was preempted by ERISA. *Id.* at 1043.

The Court notes two points about these cases.  First, both are older opinions. *Garren* was decided in 1997, and *Variety* in 1995.  Second, Defendants fault the Report and Recommendation for not citing to these cases, but the Report and Recommendation relied on more recent and pointed precedent to make its findings and recommendations. (Doc. 38 at 14).

As a final measure, Defendants rely on ERISA's legislative history to support their argument for defensive preemption.  In *Jones v. LMR Intern., Inc.*, 457 F.3d 1174 (11th Cir. 2006), the Eleventh Circuit noted that the legislative history "suggests [ ] the sweep of ERISA preemption is broad, applying well beyond those subjects covered by ERISA itself."  *Jones*, 457 F.3d at 1179-80.  Although it acknowledges ERISA's broad scope of

preemption, the Court struggles to extend the scope of ERISA such that it would preempt any claim possessing vague ties to ERISA. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 (1983) (finding that not all state law claims relate to ERISA where it is "too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan."). In sum, Counts III and IV are not defensively preempted by ERISA.

In conclusion, based upon *de novo* review of the applicable case law and the parties' arguments and objections, the Court accepts and adopts the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

(1) United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 33) is **ACCEPTED and ADOPTED,** and the findings are incorporated herein.

(2) Plaintiff Lee Memorial Health System's Motion to Remand (Doc. 13) is **DENIED.**

(3) Defendants Blue Cross and Blue Shield of Florida, Inc., and Horizon Healthcare Services, Inc. d/b/a Blue Cross Blue Shield of New Jersey, Horizon Blue Cross and Blue Shield of New Jersey and Horizon BCBSNJ's Motion to Dismiss (Doc. 9) is **GRANTED.**

(4) Defendants Blue Cross and Blue Shield of Florida, Inc., and Horizon Healthcare Services, Inc. d/b/a Blue Cross Blue Shield of New Jersey, Horizon Blue Cross and Blue Shield of New Jersey and Horizon BCBSNJ's Motion to Strike Plaintiff's Response to Defendants' Objection to Magistrate Judge's Report and

Recommendation (Doc. 42) is **GRANTED**.  The Clerk is **directed** to **STRIKE** Plaintiff's Response to Defendants' Objection to Magistrate Judge's Report and Recommendation (Doc. 41).

(5) Plaintiff Lee Memorial Health System may file an amended complaint on or before **April 13, 2017**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of March, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record